

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*Rachelle M. Navarro*
*Assistant United States Attorney*

*970 Broad Street, 7th Floor*
*Newark, New Jersey 07102*

*Phone: 973-645-2721*

September 6, 2023

Gary Mizzone, Esq.
Mizzone Law Firm
245 Paterson Avenue
Little Falls, New Jersey 07424

23-cr-857 EP

Re:     Plea Agreement with Daisy Sac

Dear Counsel:

This letter sets forth the plea agreement between your client, Daisy Sac ("SAC" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). **This offer will expire on September 22, 2023, if it is not accepted in writing by that date.** If SAC does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from SAC to a two-count Information, which charges SAC with the following: (1) Conspiracy to Deal Firearms Without a License, in violation of 18 U.S.C. § 371 and (2) Dealing Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A), 923(a) and 924(a)(1)(D).

If SAC enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against SAC for, from in or around August 2022 through in or around March 2023, dealing firearms without a license, unlawfully possessing, shipping, transporting, transferring, causing to be transported, or otherwise disposing of firearms, or conspiring with others to do the same.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, SAC agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of

limitations on the date this agreement is signed by SAC may be commenced against her, notwithstanding the expiration of the limitations period after SAC signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 371 to which SAC agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to that of the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 922(a)(1)(A), 923(a) and 924(a)(1)(D) to which SAC agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon SAC is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence SAC ultimately will receive.

Further, in addition to imposing any other penalty on SAC, the sentencing judge as part of the sentence:

(1)   will order SAC to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)   must order forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461;

(3)     may order SAC to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.;*

(4)     pursuant to 18 U.S.C. § 3583, may require SAC to serve a term of supervised release of not more than three years per count, which will begin at the expiration of any term of imprisonment imposed. Should SAC be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, SAC may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Forfeiture</u>

As part of her acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), SAC agrees to forfeit to the United States any firearm and ammunition involved in or used in the commission of the offenses charged in Counts One and Two of the Information (the "Forfeitable Property").

SAC waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. SAC understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of SAC's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. SAC waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

SAC further waives, abandons, and surrenders to federal, state, and/or local law enforcement all of her right, title, and interest in the following United States currency which was seized at or around 291 Green Avenue, Lyndhurst, New Jersey on or about April 3, 2023: $760.00 (the "Additional Property"). SAC

further waives any additional notice requirement in connection with the forfeiture and/or abandonment of the Additional Property and consents to its destruction at the discretion of federal, state, and/or local law enforcement.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on SAC by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of SAC's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and SAC will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and SAC waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

SAC understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. SAC understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. SAC wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. SAC understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, SAC waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against SAC. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against SAC.

No provision of this agreement shall preclude SAC from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that SAC received ineffective assistance of counsel.

- 5 -

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between SAC and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: RACHELLE M. NAVARRO
    Assistant United States Attorney

APPROVED:

*Michelle S. Gasparian*
MICHELLE S. GASPARIAN
Chief, Organized Crime and Gangs Unit

I have received this letter from my attorney, Gary Mizzone, Esquire. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____     Date:   9-20-23
Daisy Sac



I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____     Date:   9-20-23
Gary Mizzone, Esq.
Counsel for Defendant Daisy Sac

Plea Agreement with Daisy Sac

Schedule A

1.      This Office and Daisy Sac ("SAC") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2021 applies in this case.

### Count One:  Conspiracy to Deal Firearms Without a License

3.      The applicable guideline is U.S.S.G. § 2X1.1(a). This guideline carries the Base Offense Level applicable to the substantive offense which is detailed in paragraphs 4-7 below.  As such, the Base Level Offense for Count One is 20.

### Count Two:  Dealing Firearms Without a License

4.      The applicable guideline is U.S.S.G. § 2K2.1(a)(7). This guideline carries a Base Offense Level of 12.

5.      The offense involved eight firearms.  This results in an increase of four levels.  *See* U.S.S.G. § 2K2.1(b)(1)(B).

6.      The defendant engaged in the trafficking of firearms.  This results in an increase of four levels.  *See* U.S.S.G. § 2K2.1(b)(5).

7.      Accordingly, the total Guidelines offense level for Count Two is 20.

### Grouping of Multiple Counts

8.      Counts One and Two group together into a single group.  *See* U.S.S.G. § 3D1.2.  The offense applicable to the group is 20. *See* U.S.S.G. § 3D1.3.

9.      As of the date of this letter, SAC has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if SAC's acceptance of responsibility continues through the date of sentencing.  *See* U.S.S.G. § 3E1.1(a).

10.    As of the date of this letter, SAC has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying

- 8 -

authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in SAC's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) SAC enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that SAC's acceptance of responsibility has continued through the date of sentencing and SAC therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) SAC's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11.     Accordingly, the parties agree that the total Guidelines offense level applicable to SAC is 17 (the "Total Offense Level").

12.     Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance, subject to any applicable mandatory minimum term of imprisonment.

13.     If the term of imprisonment does not exceed 30 months, and except as specified in the next paragraph below, SAC will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel.   The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.  If the term of imprisonment is at least 24 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

14.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

   (a) Any proceeding to revoke the term of supervised release.

   (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

- 9 -

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).